MATTER OF MRS. HANNAH W. INGRAM.

[Decided December 1, 1884.]

Insanity.—In Order to Commit a Person to an Asylum for the insane, the court must be satisfied, upon examination, pursuant to section 258, Civil Code, that such person is of unsound mind, and unfit to be at large. The provisions of the codes as to such examination summarized.

Insanity.—There are no "Commissioners of Insanity." Physicians are merely summoned to hear the testimony, and to make a personal

examination of the alleged insane person; and, if they believe him to be dangerously insane, they make a certificate of certain facts, whereupon it is reserved to the judge, upon whom rests the responsibility, to adjudicate upon the charge.

**Insanity.—Although a Person is Subject to Certain Delusions,** where the court is not satisfied that he is "so far disordered in mind as to endanger health, person or property," or "unfit to be at large," it is bound to give him the benefit of such reasonable doubt as it entertains upon the whole charge.

Application to confine Mrs. Hannah W. Ingram, an alleged insane person, in the insane asylum.

COFFEY, J. Before the court can order the commitment of any person to an asylum for the insane it must be satisfied, upon examination in open court, and in the presence of such person, from the testimony of two reputable physicians, that such person is of unsound mind, and unfit to be at large: Civ. Code, sec. 258.

Whenever it appears by affidavit, to the satisfaction of a magistrate of the county, that any person within the county is so far disordered in his mind as to endanger health, person or property, he must issue and deliver to some peace officer for service a warrant, directing that such person be arrested and taken before any judge of a court of record within the county for examination.

Subpœnas must issue thereupon to two or more witnesses best acquainted with such person to appear and testify before the judge at such examination; the judge must also subpœna at least two graduates of medicine to appear and attend such examination; and all such persons so subpoenaed must appear and answer all pertinent questions; the physicians so called in by process of subpoena must hear such testimony and must make a personal examination of the alleged insane person, and must make a certificate of their conclusions; and then the judge, after such examination and certificate made, if he believes the person accused to be so far disordered in mind as to endanger health, person or property, must make an order that such person be confined in the asylum. A record of all such proceedings must be kept by the county clerk. The physicians attend-

ing the examination of "an insane person" are allowed a fee, to be paid by the county.

The foregoing is a summary of all the pertinent provisions of the codes, with reference to this character of cases: Pol. Code, 2210-2222.

An impression seems to prevail that there are certain "Commissioners of Insanity" who pass upon these cases. An examination of the codes will make manifest the error of this impression. The so-called "commissioners" are simply physicians, "graduates of medicine," in good standing, who are summoned in the same manner as other witnesses to attend the hearing; but it is reserved to the judge of the court to find the fact and to adjudicate thereupon. Upon the judge or the court the law casts the responsibility, and to discharge it faithfully is not always a light duty; in this case it has been more than ordinarily onerous, from the peculiar circumstances, the character of the evidence, and the conduct pending the examination and in view of the court of the parties immediately connected with the subject matter of the investigation.

As a result of the examination, and the subsequent reflections thereupon, the court is convinced that Mrs. Ingram is the victim of a delusion as to the relations of Miss Pratt with her husband, and has, while possessed of that delusion, subjected that lady and her family to great annoyance and indignity; but the court is in doubt as to the dangerous nature of the delusion, is not fully persuaded that the accused person is "so far disordered in mind as to endanger health, person or property," or is "unfit to be at large," and the court is bound to give the accused person the benefit of such reasonable doubt as it entertains upon the whole charge. This is the conclusion from a full investigation and mature deliberation; and, accordingly, the proceeding against Mrs. Hannah W. Ingram is dismissed.